UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BEVERLY TRAN,**
et al.,

        **Plaintiffs,**          **CIVIL ACTION NO. 06-CV-13572-DT**

   vs.

                  **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEP'T OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVICES, et al.,**

        **Defendants.**
_____/

### REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends, subject to the recommendations for the IDEA and state law claims set out below, that the following motions be GRANTED:

        (1) the State of Michigan Defendants' Motion to Dismiss (docket no. 9);

        (2) Defendant Vista Maria, Inc.'s Motion for Dismissal under Fed. R. Civ. P. 12(b)(6) (docket no. 13);

        (3) Defendant Zurvalec's Motion for Summary Judgment and Concurrence in Motion to Dismiss filed on Behalf of State of Michigan Defendants (docket no. 18);

        (4) Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim Upon Which Relief Can Be Granted or, in the Alternative, for a More Definite Statement (docket no. 22);

        (5) Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim upon which Relief can be Granted or, in the Alternative, for a More Definite Statement (docket no. 51);

(6) Defendant Visingardi and Killens and All Wayne County Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim upon Which Relief can be Granted or in the Alternative for a Motion for More Definite Statement (docket no. 61);

(7) Defendant DeGraw's Motion for Summary Judgment and Concurrence in Motions to Dismiss Filed on Behalf of Co-Defendants (docket nos. 67, 68);

(8) Motion for Summary Judgment of Defendant Howard K. Weiner, M.D. (docket no. 79);

(9) Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim upon Which Relief can be Granted or, in the Alternative, for a More Definite Statement (docket no. 83);

(10) Motion for Summary Judgment and Concurrence in Motions to Dismiss Filed on Behalf of Co-Defendants (docket no. 92);

This Court further recommends that claims against all remaining Defendants, subject to the recommendations for the IDEA and state law claims set out below, be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

This Court further recommends that the following motions be DENIED AS MOOT:

(1) Motion to Dismiss and/or For Summary Disposition Pursuant to FRCP 56(c), Filed on Behalf of Defendants, Todd A. Koffler, M.D., Colleen L. Miele, M.D., and Marcia J. Newcomb, M.D. (docket no. 105);

(2) Motion to Dismiss of Defendant, Robert Dillaber, and for Summary Judgment (docket no. 108).

(3) Defendant William Coleman's Motion for Summary Disposition and Concurrence in Motions to Dismiss Filed on Behalf of Co-Defendants (Docket no. 109).

This Court further recommends that Plaintiffs' claims pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, be DISMISSED WITHOUT PREJUDICE.

This Court further recommends that Plaintiffs' state law claims be DISMISSED WITHOUT PREJUDICE.

## II.     REPORT:

### A.     Factual Background

This is a civil action filed by Beverly Tran on her behalf and as mother and legal guardian of her sons, A.R. and L.T.  Plaintiff Tran is proceeding *pro se* and has been granted *in forma pauperis* status. (Docket no. 4).  Plaintiffs' Complaint names 43 Defendants.  The Complaint then sets out various facts regarding Tran's sons being taken away from her and their treatment in the Michigan child welfare system.  Plaintiffs' allegations cover an over-three-year period from August 2, 2002, when the Detroit Police responded to a call and found Plaintiff Tran asleep in her car in the driveway of her house.  Tran says she was in the car "so as not to smoke in the house with [her] children."  Complaint at 2.  Tran states that she told police that her two sons were in her house.  The police entered the house and found her children.  Tran was transported to the Detroit Medical Center's Crisis Center and admitted.  Her children were taken into custody by Child Protective Services.  Tran alleges that she was released from the hospital after two weeks and began a long process of attempting to have her children returned to her.  Tran was reunited with her children in or about December 2005.  (Complaint at 29).  Tran attempted up until April 2006 to have her name removed from the Central Registry of Abuse and Neglect, but her efforts were apparently unsuccessful.  (Complaint at 33).

After this narrative of events covering over 3 years, Plaintiffs' Complaint lists the laws under which they are seeking relief.  These laws are "constitutional due process, the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997a et seq, the Individuals with Disabilities

Education Improvement Act of 2004, P.L. 108-446 the Health Insurance Portability and Accountability Act of 1996, P.L. 104-191 the Mandatory Special Education Act of 1971, and the Child Protection Laws of Michigan Act 238 of 1975." (Complaint at 34). Finally, Plaintiffs' Complaint seeks relief in the form of "protection from retaliation in the filing of this complaint and pray for relief in the amount of $43,000,000, one million for each month my family suffered under the auspices of Michigan's Child Welfare System." *Id.*

  B. *Claims*

Plaintiffs' Complaint does not set out any numbered counts or allege any specific claims against any specific individuals.

  C. *Standard of Review*

Defendants have moved to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of jurisdiction. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiffs' allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering these motions, the Court must accept as true the well-pleaded factual allegations in Plaintiffs' Complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.* These matters are before this Court prusuant to 28 U.S.C. § 636(b)(1)(B).

In considering all of Plaintiffs' claims on the motions to dismiss, the Court is mindful that Plaintiff Tran, as the mother of the minor children, may not appear *pro se* on their behalf because any cause of action the children may have is their cause of action and not Tran's. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake).

     D.     *Civil Rights, Health and Education Statutes*

          1.     *CRIPA*

Plaintiffs seek relief under the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997a. However, an individual has no private right to bring an action under that Act. 42 U.S.C. § 1997a(c) (complaint must be signed by Attorney General); *Rudd v. Polsner*, 229 F.3d 1153 (6th Cir. 2000) (unpublished) (affirming dismissal of action because prisoner had no private right of action under CRIPA). Plaintiffs' claims against all Defendants based on this Act should therefore be dismissed.

          2.     *IDEA*

Plaintiffs also seek relief under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* However, Plaintiff Tran, proceeding *pro se* as a parent, may not bring an action under that Act on behalf of her sons. *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005) ("Accordingly, we join the Second, Third, Seventh, and Eleventh Circuits in holding that non-lawyer parents may not represent their child in an action brought under the IDEA."). In addition, Plaintiff Tran may not bring the action on behalf of herself. *Id.* at 757 (holding that any right of parents to proceed on their own behalf is derivative of their child's right and dependent upon parents obtaining counsel in the appeal). Plaintiffs' claims against all Defendants based on this Act should therefore be dismissed without prejudice.

          3.     *HIPAA*

Plaintiffs next seek relief under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d *et seq.* However, again, this Act does not provide a private right of action. *Prichett v. Office of Attorney General*, 2006 WL 2828656 (E.D. Mich. Oct. 3, 2006) (adopting Magistrate Judge's Recommendation finding that there is no private cause of action under HIPAA); *L.S.D. v. Genesee Co. Community Mental Health*, 2006 WL 2347612 (E.D. Mich. Aug. 11, 2006) (finding that

Secretary of Health and Human Services must pursue action and that no private right of action exists under HIPAA). Plaintiffs' claims against all Defendants based on this Act should therefore be dismissed.

        4.       *General Civil Rights Statutes*

Plaintiffs list several civil rights statutes in their Complaint and Response (docket no. 15 at 3). These include 42 U.S.C. § 1983, 1985, 1986 and 1988. To state a cause of action under section 1983, a plaintiff must allege that she was deprived of a right secured by the Federal Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). Section 1985 pertains to conspiracies to interfere with civil rights, and under section 1985(3) Plaintiffs must allege a conspiracy motivated by a class-based animus. *Lorenzi v. Lorenzi*, 44 Fed. App'x 683 (6th Cir. 2002). Section 1986 creates a cause of action for knowing failure to prevent a section 1985 conspiracy. Therefore, there is no cause of action under section 1986 without one under section 1985. *Id.* Section 1988 simply authorizes certain fees for the prevailing party in a civil rights action. Each Defendant's liability under these statutes will be discussed separately.

    E.       *Criminal Statutes*

Plaintiffs list several federal criminal statutes in their Response and claim that this Court has jurisdiction under these statutes. (Docket no. 15 at 3). The statutes cited are 18 U.S.C. §§ 1961-1968 which pertain to Racketeer Influenced and Corrupt Organizations. A private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished). Plaintiffs must rely upon the United States Attorney to initiate such an action. All claims against Defendants based on these criminal statutes should therefore be dismissed.

F.   *Jurisdictional Statutes*

Plaintiffs also list several jurisdictional statutes in their Response.  These are 28 U.S.C. §§ 1331, 1337, 1343, and 1367.  (Docket no. 15 at 3).  These statutes do not create any causes of action.  Therefore, no relief may be given under them.

G.   *Alleged Civil Rights Violations by State of Michigan Defendants*

The State of Michigan Defendants have moved to dismiss Plaintiffs' Complaint.  (Docket no. 9).  Two sets of Defendants have joined in this motion.  (Docket nos. 11, 58).  Plaintiffs have responded to these motions.  (Docket nos. 15, 88).  The Defendants included in these motions are therefore as follows: Michigan Department of Human Services, Rita Barker, Deb Buchanan, Laura Champagne, Shelia Gibson, James Hennessey, Lorraine Jackson, Alan Kimichik, Musette Michael, Mary Mehren, Jim Nye, Janet Olszewski, Kelly Ramsey, Marianne Udow, Steve Yager, Robert Asmussen, Kathy Breen, Sr. Marie Judith Haupt, and Nancy Swaine.[1]

Plaintiffs' Complaint fails to set forth any facts or claims specific to many of these Defendants.  There are no facts alleged as to Asmussen, Barker, Breen, Buchanan, Champagne, Haupt, Hennessey, Kimichik, Michael, Mehren, Nye, Olszewski, Swaine, and Yager.  The motion to dismiss as to these Defendants should be granted based on the above findings and because there are no allegations or claims specific to them in Plaintiffs' Complaint.  *See Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991) (dismissing defendants because complaint named them as defendants without alleging specific conduct by them).

The remaining Defendants out of this class are Lorraine Jackson, Kelly Ramsey, Shelia Gibson, Marianne Udow, and the Michigan Department of Human Services.  The Court will also add Defendant

---

[1] Defendants Asmussen, Breen, Haupt and Swaine have also filed a separate motion to dismiss and for summary judgment.  (Docket no. 92).

Michael Silver to this class. Plaintiffs named him and alleged facts against him in their Complaint, but he has not been properly served a copy of the Complaint.[2] The Court will address the allegations against these Defendants separately.

Plaintiffs have named Defendant Lorraine Jackson in her official capacity as the "Psychologist for Clinic for Child Study for the Third Judicial Circuit of Michigan–Family Division." (Complaint at 2). Plaintiffs allege that on May 21, 2003, Jackson observed their family interaction "in a make shift environment of a cold room with boxes and stacked furniture from 11:50 a.m. to 12:10 a.m. with no direction by [Jackson]." (Complaint at 14). This is the only specific mention of Defendant Jackson. Plaintiffs continue in the Complaint to say that a report was later prepared which concluded that Plaintiff Tran's parental capabilities were "questionable," but there is no allegation that Jackson was responsible for this report. *Id.*

Plaintiffs' allegations against Jackson fail to state any cause of action under 42 U.S.C. §§ 1985, 1986 or 1988. Plaintiff does not dispute that Jackson is a state employee. She is being sued in her official capacity only. Under these circumstances, Jackson is not a "person" subject to liability under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Finally, the allegations against Jackson fail to show any liability for a civil rights even if liability were possible. For all of these reasons, these claims against Defendant Jackson should be dismissed.

The next State Defendant whom Plaintiffs make allegations against is Kelly Ramsey. On page 19 of Plaintiffs' Complaint, they allege that Ramsey, as Referee for the state court's family division,

---

[2] Defendants' counsel in the motion to dismiss noted this but stated that if Silver were ever properly served the contentions in the motion to dismiss would apply to him as well. (Docket no. 9 at 4). Plaintiff Tran has submitted a return receipt showing only that she mailed a copy of the Complaint addressed to Silver, but delivery was not restricted as required by Mich. Ct. Rule 2.105(A)(2), and Silver did not sign the receipt. (Docket no. 6). The same service defect exists for State Defendant Cynthia Travis. There were no specific facts alleged as to her, however. Therefore, the Court will place her in the class set out above with similarly situated Defendants.

"continuously sentenced [Tran] without authority of being a judge" and otherwise took improper actions while acting as Referee. (Complaint at 19). Again, as a state official sued in her official capacity only, she is not a "person" for purposes of section 1983. *See Will*, 491 U.S. 58. The allegations fail to state a cause of action under sections 1985, 1986, or 1988 as well. Therefore, these claims against Defendant Ramsey should be dismissed.

Shelia Gibson is named as the next State Defendant. She is sued in her official capacity only as a judge of the Third Circuit Family Division. Plaintiffs do not dispute that Gibson is a state official. Under *Will,* therefore, she may not be held liable under section 1983. The only allegation against her is that she "has been sanctioned for allowing [Tran's] case to linger in the system for over 3 years." (Complaint at 29). This allegation fails to state a claim under sections 1985, 1986 or 1988. Therefore, the claims against Defendant Gibson should be dismissed.

Michael Silver is the next named State Defendant. Although he has not been effectively served a copy of the Complaint, he may still be dismissed under 28 U.S.C. § 1915(e)(2)(B) if no claim is stated against him. He is named in his official capacity only as an Administrative Law Judge. Plaintiffs do not dispute that he is a State employee. Therefore, he is not subject to suit under section 1983. *See Will*, 491 U.S. 58. The allegation against him is that he "took retaliatory actions with non-disclosure of conflict of interests which resulted in the denial of [Tran's] name being expunged from the Central Registry of Abuse and Neglect." (Complaint at 33). This allegation fails to state a cause of action under sections 1985, 1986, or 1988. These claims against Silver should therefore be dismissed.

Marianne Udow and the Michigan Department of Human Services are the last named State Defendants. Udow is sued in her official capacity as Director of the Michigan Department of Human Services. She is a state employee sued in her official capacity only. She is therefore not a "person" under section 1983. *Will*, 491 U.S. 58. The allegations against her are that Silver was acting for her when

he took the action he did set out above, and that Plaintiff Tran emailed to her some challenges to a committee's findings. (Complaint at 33). These allegations fail to state a claim under sections 1985, 1986, or 1988. These claims against Defendant Udow should therefore be dismissed.

Defendant Michigan Department of Human Services is a state agency which is not a "person" under section 1983. *Will*, 491 U.S. 58. The Department is mentioned on page 33 of Plaintiffs' Complaint, but there are no specific claims or facts set out as to it. Therefore, there is no claim stated under sections 1985, 1986 or 1988. The claims against the Department should be dismissed.

### H.    *Defendants Carmine DeVivo and Howard Weiner*

Plaintiffs have made allegations against Defendants DeVivo and Weiner. DeVivo is apparently employed in some capacity by Orchard's Children's Services. The Complaint mentions DeVivo many times. On page 7 of Plaintiffs' Complaint, Plaintiff Tran says that she had a meeting with DeVivo, and they agreed that her case would be closed once she had moved. On page 11, Plaintiff Tran states that she met with DeVivo and pointed out that OCS employee Johnson had "jeopardized the privacy of [her] family by listing [their] family last names and the assessment at the Clinic For Child Study." Plaintiff Tran on page 16 of the Complaint speaks of a grievance she sent to DeVivo about "the violation of federal HIPPA laws and Michigan privacy laws because our names, court dates and psychological evaluation dates were published. Resolution resulted in the termination of this newsletter."

Defendant DeVivo has moved to dismiss Plaintiffs' Complaint because it fails to state a claim against him. (Docket no. 51). Plaintiff has responded to that motion. (Docket no. 93). The Court agrees that Plaintiffs have failed to state a claim against DeVivo under 42 U.S.C. §§ 1983, 1985, 1986 or 1988. These claims against Defendant DeVivo should be dismissed.

Defendant Howard Weiner, M.D., a psychiatrist, has moved to dismiss or for summary judgment. (Docket no. 79). Plaintiffs have responded. (Docket no. 94). Dr. Weiner contends that the

allegations against him are claims of medical malpractice and that Plaintiffs have failed to follow the Michigan statutes governing such claims causing the process served to be deficient. *See Mich. Comp. Laws* §§ 600.2912b and 600.2912d. Plaintiffs' Complaint alleges on pages 16 and 17 that Defendant Weiner increased the medication levels of A.R. resulting in extreme side effects. Plaintiffs allege on page 30 that Defendant Weiner denied writing prescriptions for A.R. and refused service. These allegations pertain to the professional treatment of A.R. by Dr. Weiner. To the extent that Plaintiffs are attempting to bring a state-law medical malpractice action in this Court, Dr. Weiner is entitled to summary judgment because Plaintiffs have failed to produce an affidavit of merit in support of their malpractice claim and failed to identify an expert to testify on their behalf who can satisfy the requirements of the Michigan medical malpractice law. *See McCaffery v. St. Joseph Mercy Hosp.,* 2000 WL 1279159 (E.D. Mich. Aug. 15, 2000) (unpublished). These allegations fail to state a claim under the federal civil rights statutes as well. These claims against Defendant Weiner should therefore be dismissed.

     *I.*     *Defendant Vista Maria, Inc.*

Defendant Vista Maria, Inc. is a Michigan nonprofit corporation and it and its members, the Sisters of Good Shepherd, have moved to dismiss Plaintiffs' Complaint as to them for failure to state a claim. (Docket no. 13). Plaintiffs have responded to the motion. (Docket no. 19).

Plaintiffs mention Vista Maria on page 30 of their Complaint: "Vista Maria informed me that his medical servicing would be continued at Downriver Guidance Center under authority of the prescribing psychiatrist, Howard Weiner." This allegation fails to state any cause of action pursuant to the federal civil rights statutes under which Plaintiffs are proceeding. These claims should be dismissed.

     *J.*     *Defendant Susan H. Zurvalec*

Defendant Zurvalec is sued in her official capacity as Superintendent of Farmington Public Schools. Plaintiffs mention the schools in their Complaint, but there is no mention of Defendant

Zurvalec. (Complaint at 9, 31). She has moved to dismiss Plaintiffs' Complaint as to her for failure to state a claim for relief and moved for summary judgment. (Docket no. 18). Plaintiffs have responded. (Docket no. 89). Because there are no facts alleged against Defendant Zurvalec, no claim is stated under the federal civil rights statutes. These claims against her should be dismissed.

   *K. Defendants Blumenfeld, Fortino, Williams and Myers*

These Defendants have moved to dismiss Plaintiffs' Complaint for failure to state a claim. (Docket nos. 22, 51). Plaintiff has responded. (Docket no. 93). There are no facts stated against these Defendants in the Complaint. The claims against these Defendants should therefore be dismissed.

   *L. Defendants Visingardi and Killens*

These Defendants have also moved to dismiss Plaintiffs' Complaint for failure to state a claim. (Docket no. 61). Plaintiff have responded to the motion. (Docket no. 103). These Defendants are not named in Plaintiffs' Complaint. The civil rights claims against these Defendants should be dismissed.

   *M. Defendant DeGraw*

Defendant DeGraw, M.D., is sued in his official capacity as Director of St. John's Hospital and Medical Center Child Protection Unit. He has moved to dismiss Plaintiffs' Complaint and for summary judgment. (Docket nos. 67, 68). Plaintiffs have responded to these motions. (Docket no. 87). There are no allegations against Defendant DeGraw in Plaintiffs' Complaint. The civil rights claims against him should therefore be dismissed because no claim is stated upon which relief could be granted.

   *N. Defendants Don Austin and Addie Williams*

Defendants Don Austin and Addie Williams are sued in their official capacities as board members of the Michigan Federation of Families and Children. They have moved to dismiss Plaintiffs' Complaint. (Docket no. 83). Plaintiff has not responded to this motion, but her time for responding

has now expired. Neither of these Defendants are mentioned in Plaintiffs' Complaint. No claim is stated under the civil rights statutes. These claims against them should therefore be dismissed.

  *O. Defendants Todd Koffler, Colleen Miele, and Marcia Newcomb*

These Defendants are all pediatricians. They have moved to dismiss Plaintiffs' Complaint as to them. (Docket no. 105). Plaintiffs have not made any allegations against these Defendants in the Complaint. These Defendants' motion was recently filed, and Plaintiff has not had an opportunity to respond to it yet. Therefore, the Court should dismiss the claims against these Defendants under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and deny as moot this motion.

  *P. Robert Dillaber*

Defendant Robert Dillaber has also moved to be dismissed as a Defendant or for summary judgment. (Docket no. 108). As in the case of the pediatricians above, this motion was recently filed, and Plaintiffs have not had the opportunity to respond to it. Plaintiffs have not alleged any facts specific to Defendant Dillaber in their Complaint, however. Therefore, the Court should also dismiss the civil rights claims against Defendant Dillaber under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and deny as moot this motion.

  *Q. William Coleman III*

Defendant William Coleman III is sued in his official capacity as Superintendent of Detroit Public Schools. He has moved to dismiss Plaintiffs' Complaint as to him and for summary judgment. (Docket no. 109). As in the two above cases, this motion was recently filed, and Plaintiffs have not had the opportunity to respond to it. Plaintiffs have not alleged any facts specific to Defendant Coleman in their Complaint, however. Therefore, the Court should dismiss the federal civil rights claims against Defendant Coleman under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and deny as moot this motion.

*R.     State Law Claims*

Plaintiffs have included two grounds for relief under state law. These are made pursuant to the Michigan Mandatory Special Education Act of 1971 and the Child Protection Laws of Michigan. However, because Plaintiffs have failed to state a claim under federal law, this Court may not hear the state law claims as to state officials. *See Stinemetz v. McWherter*, 919 F.2d 739 (6th Cir. 1990) (unpublished) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984)). This being the case for the State Defendants, the Court should not consider claims under these state laws against the remaining Defendants. *See* 28 U.S.C. § 1367(c)(3) (allowing courts to decline supplemental jurisdiction over claims when court has dismissed all claims arising under original jurisdiction). These claims should be dismissed without prejudice to Plaintiffs proceeding in state court on these claims. *See Stinemetz*, 919 F.2d 739.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 24, 2006                              s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                     UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Beverly Tran and Counsel of Record on this date.

Dated: October 24, 2006                              s/ Lisa C. Bartlett
                                                     Courtroom Deputy